IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EXSO CHANDLER                                                                                    PLAINTIFF

VS.                                                                 .CIVIL ACTION NO. 3:11cv84-DPJ-FKB

SHERIFF MIKE LEE, et al.                                                                DEFENDANTS


REPORT AND RECOMMENDATION

This cause comes before the undersigned on Plaintiff's motion for a preliminary injunction [11].  Having considered the motion, the undersigned recommends that it be denied.

Plaintiff is a state inmate housed at the Mississippi State Prison in Parchman, Mississippi.  This action arises out of his previous incarceration at the Scott County Detention Center.  According to Plaintiff's complaint and his testimony at the *Spears* hearing, detention center officials violated his rights by failing to mail his state-court motion for post-conviction relief and by  taking his legal papers in retaliation for protected activities.  He also makes general allegations concerning the lack of an adequate law library at the facility and due process violations in the processing of inmate grievances.  In his present motion, Plaintiff seeks injunctive relief in the form of an order directing the Scott County Detention Center to provide adequate legal assistance to inmates and to otherwise provide them access to the courts.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)).

That test requires that a plaintiff seeking injunctive relief establish (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) that granting the injunction will not disserve the public interest. *Id.* at 572. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order. *Mississippi Power & Light Co.*, 760 F.2d at 621.

The most obvious deficiency in the motion is that Plaintiff cannot meet the requirement of irreparable injury because he is no longer housed at the Scott County Detention Center. Neither has Plaintiff alleged facts indicating that any of the other prerequisites could be met. For these reasons, the undersigned recommends that Plaintiff's motion for a preliminary injunction be denied without a hearing.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R.

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996).

      Respectfully submitted, this the 30th day of December, 2011.

                    /s/ F. Keith Ball
                    UNITED STATES MAGISTRATE JUDGE