UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EXSO CHANDLER                                                                                   PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:11cv84-DPJ-FKB

MIKE LEE, ET AL.                                                                              DEFENDANTS

ORDER

This cause is before the Court on the Report and Recommendation [77] of Magistrate Judge F. Keith Ball.  Judge Ball recommended dismissal of Plaintiff Exso Chandler's claims.  The Court, having considered the Report and Recommendation, the objections, and the relevant case law, finds that Judge Ball's recommendation should be adopted as the opinion of this Court, that Defendants' Motion for Summary Judgment [33] should be granted, that Plaintiff's Motion for Partial Summary Judgment [45] should be denied, and that all claims be dismissed with prejudice.

I.      Background

Defendant Exso Chandler is a former prisoner of the Scotty County Detention Center.  He claimed in his original complaint that while incarcerated in that facility, the Defendants failed to mail his petition for post-conviction relief to the state court.  He confirmed during the *Spears* hearing before Judge Ball that this alleged omission formed the basis of his case.  During that hearing, however, Defendants offered unrebutted evidence that they properly mailed the Post-Conviction Petition on Chandler's behalf and that the state court denied his claim on the merits.  This evidence demonstrated that Chandler's original claims were factually unsupported.

That said, the issues involving the Post-Conviction Petition are not the only issues before the Court.  In particular, Chandler raises several claims related to the alleged inspection of his

outgoing mail and other complaints about the facility. Although the procedural history regarding those claims is somewhat awkward, the Court is satisfied that they are ripe for review. Before the *Spears* hearing, Chandler sought leave to add these claims. That motion was orally granted at the hearing, but no order was immediately entered. Thus, when Defendants filed their Motion for Summary Judgment [33], the original complaint was still the operative pleading. About two weeks later, the Magistrate Judge entered the omnibus order granting Chandler leave to amend and directing the clerk to docket his pleading. Chandler then filed his own Motion for Partial Summary Judgment [45] which seemed to seek judgment as to the new claims because Defendants failed to address them in their motion. This motion placed the new claims in issue, and Defendants responded to them in their Reply [57] in support of summary judgment and in their Response [58] to Chandler's motion. Chandler then submitted Affidavits in reply that addressed those claims. Judge Ball's Report and Recommendation addressed all issues and recommended dismissal of all claims with prejudice.[1]

II.     Objections

Petitioner has filed objections [79, 80] to the Report and Recommendation. Although some of his objections are nothing more than legalese, he does argue that dismissal is improper because of the following: (1) Defendants refused to produce mail records to validate the actual date his Post-Conviction Petition was received; (2) Defendants have not sought judgment for claims unrelated to the Post-Conviction Petition; (3) Defendants failed to respond to his

---

[1]Chandler has filed other motions seeking leave to amend and other relief, but all such motions were denied by the Magistrate Judge, and Chandler never appealed them under Rule 72 of the Federal Rules of Civil Procedure.

Amended Complaint; (4) the magistrate judge erred in denying Plaintiff's Motion to Compel; (5) the Magistrate Judge erred in denying his Motions for Leave to Supplement Complaint [25, 30, 31] to add Scout County Circuit Court Clerk Joe Rigby as an additional defendant; and (6) Magistrate Judge Ball failed to permit Plaintiff to ask questions or redress Defendants' counsel at the July 27, 2011 hearing.

    A.    Failure to Produce Mail Records

It should first be noted that the vast majority of Chandler's claims relate to his belief that Defendants failed to mail his Post-Conviction Petition. He confirmed that all claims relate to that belief during the *Spears* hearing. But the record convincingly establishes that Defendants mailed the petition and that the court ruled on it. Thus, all such claims are due for dismissal.

For this same reason, Chandler's first objection is of no moment. According to him, Defendants refused to produce mail records to validate the actual date his Post-Conviction Petition was mailed. Pl.'s Written Objection to Magistrate's Report and Recommendation [79] at 1; *see also* Mot. In Objection to M.J. F. Keith Ball's Handling of July 27, 2011 Spears Hearing ("Hearing Objections") [80] at 3. Because it is undisputed that Chandlers' Post-Conviction Petition was denied on the merits by the Scott County Circuit Court, and not for untimeliness, the mail log is unnecessary to establish the timely mailing of Plaintiff's Post-Conviction Petition. *See* Def.'s Mot. Summ. J. [33] Ex. C. This fact also removes any assertion of a relevant injury. *Prison Legal News v. Livingston*, 683 F.3d 201, 212 (5th Cir. 2012). Finally, the Court notes that Chandler failed raise this issue on an appeal under Rule 72.

B.     Adjudication of Claims Unrelated to Post-Conviction Petition

Chandler objects to adjudication and dismissal of claims other than those relating to his Post-Conviction Petition.  Specifically, Plaintiff objects that Defendant's Motion for Summary Judgment fails to address the entirety of Plaintiff's Amended Complaint and that denial of Plaintiff's Motion for Partial Summary Judgment "was inappropriate due to the number of claims alleged other than [his] 'denial of access to court claim'" involving his Post-Conviction Petition.  Pl.'s Written Objection to Magistrate's Report and Recommendation [79] at 2–3.

As noted in the procedural history, the Defendants' motion addressed the version of the Complaint that existed when the motion was filed.  It was not until later that the Magistrate Judge entered an order that allowed the Amended Complaint to take effect.  But the issue was clearly joined when Chandler raised it in his motion, Defendants substantively responded, and Chandler thereafter submitted record evidence—though not competent evidence—in an effort to salvage those claims.  Finally, even if Defendants had not raised the issues, the Court has authority to dismiss *sua sponte* under the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(e)(2)(B).

As for the substance of those claims, the Court agrees with the Magistrate Judge that Plaintiff has failed to set forth specific facts showing that he suffered a constitutional injury because of the jail's mail policy, its manner of handling inmate grievances, or any inadequacies that may have existed concerning assistance with inmates' preparation of legal documents.  Chandler's primary concern is that he was required to deliver his mail unsealed.  But that alone is not a constitutional violation.  In *Busby v. Dretke*, the Fifth Circuit reaffirmed a prison's right to collect unsealed mail for legitimate penological concerns.  359 F.3d 708, 720–21 (5th Cir. 2004)

4

(holding that " jail officials could legitimately read Busby's mail"). *Busby* recognized two exceptions to this rule for correspondence to media and an inmate's attorney. *Id.*; *see also Brewer v. Wilkinson*, 3 F.3d 816, 825–26 (5th Cir. 1993) (finding prisoner stated a First Amendment claim for "censorship" of outgoing legal mail where he alleged particular outgoing legal mail items were opened and a writ of mandamus was removed and prevented from arriving at court); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988) ("Prison officials may censor nonlegal mail, but not clearly-marked legal mail." (Citations omitted)). Chandler has presented no record evidence, however, showing that either exception applies. In fact, he has no record evidence as to the specific correspondence.[2] And he stated at the *Spears* hearing, after moving to amend, that all claims related to his petition for post-conviction relief. Finally, the other matters mentioned in the Amended Complaint are too general, lack evidence of injury, and have not been supported in the record.

     C.     Failure to Respond to Amended Complaint

Plaintiff next argues that Defendants failed to respond to his Amended Complaint and that Judge Ball erred in overlooking Defendants' failure to respond. Pl.'s Written Objection to Magistrate's Report and Recommendation [79] at 4–5. While it appears that Magistrate Judge Ball orally granted Plaintiff's Motion to Amend Complaint at the July 27, 2011 hearing, an order on the motion was not docketed until October 20, 2011. Order [44]. That Order instructed the

---

[2] Chandler states that he believes legal mail may have been censored, interfered with, or not sent, but he has no competent record evidence to support either contention. Speculation and hearsay will not defeat summary judgment. *See Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005).

5

Clerk to file the Amended Complaint, and Defendant timely responded on November 1, 2011. Therefore, Defendants properly responded to the Amended Complaint.

      D.      Motion to Compel

Plaintiff objects to the Magistrate Judge's denial [78] of Plaintiff's Motion to Compel. Pl.'s Written Obj. To Magistrate's Report and Recommendation [79] at 5–6. The Court finds no error in the denial of Plaintiff's Motion to Compel.

      E.      Additional Motions to Amend

Plaintiff objects to the Magistrate Judge's denial [44] of his Motions for Leave to Supplement Complaint [25, 30, 31] to add Scout County Circuit Court Clerk Joe Rigby as an additional defendant. Hearing Objections [80] at 1. Chandler apparently never received the order denying post-conviction relief. Though it is not clear who was responsible, Chandler seems to suggest Rigby. But the objection to Judge Ball's ruling that Chandler could not add Rigby is without merit first because it is untimely. Moreover, the Court agrees that any claims against Rigby do not arise out of the same transaction or occurrence, or the same series of transactions or occurrences, as do the claims against the present Defendants. *See* Fed. R. Civ. Proc. 20(a)(2).

      F.      *Spears* Hearing

Chandler finally objects that Magistrate Judge Ball failed to permit him to ask questions or redress Defendants' counsel at the July 27, 2011 hearing. Hearing Objections [80] at 1–3. These objections are neither timely nor well-founded. Plaintiff was given an opportunity to address the Court and did ask questions after the file-stamped copy of his Post-Conviction Petition was produced at the hearing, and was further advised that he could make additional

argument in response to any motions filed by the Government based on the file-stamped copy of his Post-Conviction Petition.

III.     Conclusion

Based on the foregoing, the Court concludes that the Report and Recommendation [77] should be adopted as the opinion of this Court, Defendants' Motion for Summary Judgment [33] should be granted, Plaintiff's Motion for Partial Summary Judgment [45] should be denied, and Plaintiff's claims should be dismissed with prejudice.  To the extent Plaintiff's objections are framed as a motion [80], the motion is denied.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 20th day of August, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE